{¶ 16} I respectfully dissent form the majority opinion.
 {¶ 17} I agree with the majority an "arrearage only" child support order does constitute a support order and can be the basis of a prosecution under R.C. 2919.21. However, I dissent from the majority's disposition of the appeal because I believe the trial court correctly determined the statute is applicable only when the defendant is under a current obligation to support.
 {¶ 18} I acknowledge R.C. 2919.21(B) does not include the word "current." It does require proof that the defendant failed to provide support as established by a court order to another person to whom the defendant "is legally obligated to support." It is the second element of the offense which is non-existent in the present case. The person to whom the defendant was obligated to support has reached the age of majority. As such, appellee is no longer obligated to support her.
 {¶ 19} Criminal statutes must be strictly construed against the state in favor of the accused. When doing so, I agree with the trial court under the facts sub judice, appellee cannot be convicted of R.C.2919.21(B).
 {¶ 20} I would affirm the decision of the trial court.